**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KULWINDER SINGH, | No. 11-73126 |
| Petitioner, | |
| v. | Agency No. A096-025-794 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Kulwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because the motion was filed over seven years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish materially changed circumstances in India to qualify for the regulatory exception to the time limitation for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988-89 (evidence of changed circumstances must be qualitatively different from what could have been presented at prior hearing).

We reject Singh's contentions that the BIA failed to address adequately his evidence or arguments, or to explain adequately its decision. *See Najmabadi*, 597 F.3d at 990 (the BIA "does not have to write an exegesis on every contention").

**PETITION FOR REVIEW DENIED.**

11-73126